# Singer, Nimick & Company, Limited,
## v.
# H. W. Carpenter, Executor.

*Administration—Partnership—Corporation as Successor of—Agreements—Rights of Creditors.*

Upon a petition to have certain funds in the hands of an executor, which are alleged to have been derived from the assets of a firm of which the deceased was a member, distributed among the creditors of such firm, it is *held:* That prior to the death of the deceased there had been such a disposition of the property in question by agreements between the partners with a third person and with a corporation which succeeded said firm, as to defeat the claim of the petitioners; and that the partnership creditors can not complain, the partners having consented to the fulfillment of their agreements.

[Opinion filed January 19, 1888.]

Appeal from the Circuit Court of Winnebago County; the Hon. William Brown, Judge, presiding.

Mr. William Lathrop, for appellant.

Mr. William Marshall, for appellee.

WELCH, P. J.    The appellant, as a creditor of the firm of Briggs, Enoch & Company, of which firm Abraham I. Enoch was a member at the time of his death, filed his petition in the County Court of Winnebago County against the appellee as the executor of the last will and testament of Abraham I. Enoch, deceased, asking that certain funds then in the hands of the executor and alleged to have been derived from assets of the firm of Briggs, Enoch & Company after the death of said Enoch should be paid and distributed to the creditors of the firm of Briggs, Enoch & Company and not to the individual creditors of said Enoch.    Appellee filed his answer, denying that he had any funds in his hands belonging to the firm of Briggs, Enoch & Company.    The County Court, upon the hearing, dismissed the petition, and appeal was taken to the Circuit Court.    Upon the hearing in the Circuit Court, the court found that the moneys in controversy belonged to the individual estate of said Enoch, deceased, and should be distributed as such, and dismissed the petition, and appellant now brings the cause by appeal to this court.

The firm of Briggs, Enoch & Company had been engaged in the manufacture of agricultural implements, at Rockford, Illinois, for many years prior to the death of Abraham I. Enoch, which took place on April 30, 1883.    The indebtedness to the appellant had accrued for iron and steel, sold the firm in the course of its business.    On November 10, 1882, the members of the firm of Briggs, Enoch & Company commenced the formation of a corporation, designed to take the place and business of the old firm, and the individual members subscribed for stock, to be paid for entirely by the transfer of property and assets of the firm of Briggs, Enoch & Company.    The amount of stock agreed to be subscribed was, that said Enoch should subscribe for $20,000, and the said C. & G. Briggs should, between them, subscribe for $20,000.    On January 3, 1883, a contract was made between Duncan H. Ferguson and Abraham I. Enoch as follows:

"Articles of agreement made and entered into this third day of January in the year of our Lord one thousand eight hundred and eighty-three, between Duncan H. Ferguson, of

the City of Rockford in the State of Illinois, party of the first part, and Abraham I. Enoch of said City of Rockford, party of the second part, witnesseth: That the said party of the first part hereby agrees to convey to the said party of the second part by good and sufficient deed of warranty free from all incumbrances whatsoever, an undivided one-half interest in and to the two brick blocks, situated in West Waterloo in the State of Iowa, and known as the Woodruff Block and the Post Office Block, respectively, located on Mill Square in the said City of Waterloo, Iowa, for a consideration of seventeen thousand five hundred dollars ($17,500), the same to be paid by said party of the second part out of the proceeds of the sale of his interest in the real estate and water-power and machinery now owned by the firm of Briggs, Enoch & Company in said City of Rockford, to the new corporation known as the Briggs & Enoch Manufacturing Company of Rockford, Illinois, providing such sale is made within six months from the date hereof. It is further agreed and understood between the said parties, that said party of the first part shall take of the stock of the Briggs & Enoch Manufacturing Company of Rockford, Illinois, before mentioned, at least the sum of seventeen thousand five hundred dollars ($17,500) and shall deliver the said deed of property in Waterloo, Iowa, herein before mentioned, when, or as soon as said Briggs & Enoch Manufacturing Company, of Rockford, Illinois, is fully and legally authorized to do business as such corporation.

"It is further agreed and understood between the said parties, that the covenants and agreements herein contained shall extend to, and be obligatory upon the heirs, executors, administrators and assigns of the respective parties, and that in case said Briggs & Enoch Manufacturing Company of Rockford, Illinois, is not so organized and prepared to do business as such corporation within six months from this date, then these agreements are to be void and of none effect.

"In witness whereof the parties to these presents have hereunto set their hands and seals the day and year first above written.

"(Attest:)              DUNCAN H. FERGUSON,    [Seal.]
   "J. PRYNNE JONES.     ABRAHAM I. ENOCH.      [Seal.]"

This agreement between Ferguson and Enoch was well known to the two Briggs; they approved and were anxious to have the agreement entered into. The Briggs & Enoch Manufacturing Company was fully and legally organized on the 5th day of April, 1883. In the organization of said corporation, Enoch subscribed for $17,500 of the stock, Chester C. Briggs $12,000, George $8,000. The stock of the corporation was $100,000, and the balance of said stock was subscribed by persons not members of the said firm of Briggs, Enoch & Company, of whom Ferguson was one of the subscribers for stock. The real estate of said firm of Briggs, Enoch & Company stood in the name of C. C. Briggs and Abraham I. Enoch. On April 10, 1883, a deed was prepared from C. C. Briggs and wife and Abraham I. Enoch and wife to Briggs & Enoch Manufacturing Company, of the lands, water-power and machinery owned by said co-partnership; said deed was signed and acknowledged on the 10th day of April and delivered to Ferguson, a director in said corporation, by Enoch and wife, and was, on the 11th of May, signed and acknowledged by Briggs and wife, consideration $40,000. There was placed to the credit of Enoch $20,000 on the books of the corporation and to Briggs of $20,000, the same being in consideration of said conveyance. On May 29, 1883, the appellee, as executor of Abraham I. Enoch and Catherine J. Enoch, who was at that time executrix with appellee, applied to the County Court by petition for leave to execute and carry out said contract with Ferguson.

The court ordered and decreed that executors, etc., of Enoch's estate be, and are authorized and empowered to perform and carry out said contract with Ferguson, and also the contract of subscription for stock with Briggs & Enoch Manufacturing Company. That they are authorized, empowered and directed to receive forthwith from said corporation paid-up stock to the amount of $10,000, and balance of stock subscribed for by Enoch, $7,500, whenever the same can be paid for out of assets of said estate applicable to that purpose. To pay for the same out of said assets, and assign to said Ferguson of said paid-up stock seventy-five shares, and give him an order

on said company for $10,000. The balance of credit to said estate remaining on books of said corporation after issuance of said stock to the amount of $10,000. The said assignment of stock and order on said company to be full performance on part of said executors of said contract. Also to receive from said Ferguson a deed of Waterloo property according to terms and conditions of the written contract.

Ferguson, upon a compliance by the executors with the order of the County Court, executed to them a deed to the Waterloo property, in Iowa. This exhausted the $20,000 credit on the books of Briggs & Enoch Manufacturing Company, except $2,500. For this the corporation issued to the executors twenty-five shares of stock. Mrs. Enoch having resigned her position as executrix, and renounced the will, appellee, as executor, sold the Iowa property for $6,000, and the twenty-five shares of stock for $1,676.88, making the sum $7,676.88, which he has in hands for distribution. It is claimed by counsel for appellant, that at the death of Mr. Enoch, on April 30, 1883, no part of the firm property of Briggs, Enoch & Company had been, in fact, sold or conveyed to the corporation, and that the title to all and every part of the firm property then remained in the firm of Briggs, Enoch & Company, and as such was chargeable with the payment of the co-partnership debts. That the co-partnership was then wholly insolvent, and that the executors of Enoch, deceased, could not withdraw any part or portion of the co-partnership assets and apply them to the payment of Mr. Enoch's individual debts as against the rights and equities of the firm creditors, and that the Waterloo property, and the twenty-five shares of stock, were paid for directly from firm assets after the death of Mr. Enoch; and that the executor is accountable therefor to appellant, and all the other of the creditors of the firm of Briggs, Enoch & Company, and that the money proceeds of such property now in the hands of the executor should be paid to appellants, or to them and the other creditors of Briggs, Enoch & Company, and not to the individual creditors of Enoch.

The averments of the petition, records and evidence, show

the facts as above stated. We are of the opinion, in view of this evidence, that it is not vital to the determination of this case, as to where the legal title to this property was at the time of Enoch's death. It is clear from the evidence that prior to his death there had been such a disposition made of it under agreements between the parties to the firm of Briggs, Enoch & Company with each other, with Ferguson, and the corporation of Briggs & Enoch Manufacturing Company, as to defeat any right or claim of the petitioners. There has been nothing done that was not in conformity to an agreement made between the partners, or an agreement made with their consent, prior to the death of Enoch. The surviving partners in this case have not sought, even if it should be conceded that they had the right, to defeat the execution of their agreements. The equity of the creditor is of a dependent and subordinate character, and is to be enforced through the medium of the equities of the partners. The partners consenting to the fulfillment of their contract, manifestly the partnership creditor has no right to complain. Williamson v. Adams, 16 Ill. App. 568, and authorities therein cited; Allen v. The Center Valley Co., 21 Conn. 130; Sigler v. Knox County Bank, 8 Ohio, 516. We are of the opinion, after a careful consideration of this case, that there is no error of which petitioners can complain. The order and decree of the Circuit Court is affirmed.

*Affirmed.*